after wrote to defendant that the Commission had considered the matter and held that the car in question was subject to the charges. The Appellate Division held that the holding of the Commission was not an award but simply an expression of opinion, informal and advisory only.

*Paul Folger* for appellant.

*John D. Lynn* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

THE PEOPLES TRUST COMPANY et al., as Executors of KATE DURYEA, Deceased, Respondents, *v.* UNION FERRY COMPANY OF NEW YORK AND BROOKLYN, Appellant.

*Landlord and tenant — lease — tax — covenant by lessee to pay taxes levied on property during term — liability for tax levied but not due until date of expiration of lease — validity of tax.*

*Peoples Trust Co. v. Union Ferry Co.,* 219 App. Div. 792, affirmed. (Argued December 5, 1927; decided January 10, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 11, 1927, unanimously affirming a judgment in favor of plaintiffs entered upon a verdict directed by the court in an action to recover the amount of a tax paid by plaintiffs for land leased by defendant from their testatrix, the lease containing a clause that defendant, " its successors and assigns, shall and will well and truly pay all taxes, water rents and assessments which may be laid or imposed on said premises." The tax was imposed in March, 1913, but did not become a lien until May 1, 1913, on which day the lease terminated. Defendant contended it was liable to pay only such taxes as became liens and were payable during the term of its lease and that in any event the tax was not properly levied and was invalid.

*George P. Hotaling* for appellant.

*James F. Mc Naboe* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ. Dissent: CARDOZO, Ch. J., and LEHMAN, J., on the ground of error in rejecting evidence of the invalidity of the assessment.

---

ANITA JOHNSON, Respondent, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Appellant.

*Negligence — railroads — injury to passenger from tripping over box left on platform of car.*

*Johnson* v. *Interborough Rapid Transit Co.*, 220 App. Div. 721, affirmed.

(Submitted December 5, 1927; decided January 10, 1928.)

APPEAL from a judgment, entered April 14, 1927, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and granting a new trial and directed the reinstatement of the verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. The complaint alleged that plaintiff while attempting to alight from defendant's subway train at Times Square station, Manhattan, tripped over an obstruction, negligently left on the platform of said train, and fell between the platform of the train and the platform of the station, sustaining the injuries complained of. The trial court set aside the verdict for plaintiff on the ground that there was no evidence sufficient to justify the inference that defendant had knowledge of the presence on the platform of the box over which plaintiff tripped. The Appellate Division reinstated the verdict on the ground that " the evidence justified the inference that the box which obstructed the passenger's exit was last seen by defendant's servant and in the control and possession of defend-